### ROSS, PLAINTIFF IN ERROR, v. CLARK, DEFENDANT IN ERROR.

CAUSE OF ACTION, NONE WHEN.

R., an agent for the sale of certain real estate, offered to sell it to C. for a sum certain, who agreed to purchase upon the terms specified, and requested him to advance a necessary cash payment, promising to refund the amount. R. advanced the money, but upon a contract substantially different from the one authorized by C. *Held*, C. is not liable in an action for money paid to her use.

*Error to the District Court of Arapahoe County.*

ACTION for the recovery of money paid out and expended by the plaintiff for the defendant at her special instance and request. Judgment of nonsuit. Plaintiff brings the cause to this court by writ of error.

Messrs. HOYT & BICE, for appellant.

Messrs. BENEDICT & PHELPS, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The evidence in this case shows the following state of

facts.—The firm, of which plaintiff was a member, was the agent of the owners for the sale of certain real estate. That plaintiff undertook the sale of this property to Mrs. Clark, the defendant. That he told her the property could be purchased on the following terms: $10,000 in cash, $8,000 in one year, $8,000 in two years and $4,000 in three years, but that if purchased it was necessary to make an immediate cash payment of $2,000, as another purchaser stood ready to make a cash payment of $1,000. That defendant agreed to these terms and authorized plaintiff to make the cash payment for her, agreeing to refund the money so advanced on the next day.

Plaintiff states that relying upon this conversation with defendant, he went to the owners of this property and made a contract of purchase with them, paying thereon the sum of $2,000 in cash. That the terms and conditions of such contract are accurately set forth in the following receipt given by the owners at the time:

"DENVER, Colo., Feb. 11, 1889.

"Received of Frederick R. Ross the sum of two thousand dollars, being purchase money on the following described property: W. 1–2 of N. W. 1–4 of Sec. 28, Twp. 3, R. 67 W., being the eighty acres now owned by J. S. Major and E. T. Webber. The balance, twenty-four thousand dollars, to be paid on presentation of a good and sufficient warranty deed and evidence of title, on the following terms: $10,000 on or before thirty days from date; $4,000 on or before one year; $4,000 on or before two years, and assuming $6,000 on or before one year, now a lien on said property. In case such evidence of title is not furnished, the amount of this receipt to be refunded.

"J. S. MAJOR and E. T. WEBBER, Agent,.

Per J. S. MAJOR, Agent."

The trial court being of the opinion that this evidence was insufficient to warrant a recovery, nonsuited the plaintiff. We think this judgment is right. The most favorable light for the plaintiff in which this transaction can be treated is

upon the assumption that he entered into the same for and on behalf of defendant, and with such assumption as a basis, the judgment cannot be disturbed. The contract is radically variant from the only contract which plaintiff's evidence shows that he was authorized to make for defendant. According to his evidence, he was empowered to purchase the property at an aggregate price of $30,000; $10,000 to be paid in cash, $8,000 in one year, the second $8,000 in two years and a further $4,000 in three years. According to the terms embodied in the receipt, $12,000 was to have been paid within thirty days, which for all practical purposes may be treated as a cash payment, and $10,000 within the next year, as the $6,000 deed of trust to be assumed fell due within the year, and the remaining $4,000 on or before two years. By this agreement, the cash payment is increased from $10,000 to $12,000, the second payment from $8,000 to $10,000. It is not claimed that the defendant authorized such a radical change in the terms of purchase and she cannot be bound thereby.

The fact that the price, $26,000, is less than the defendant agreed to pay does not aid plaintiff. It is apparent that he never intended that defendant should have the benefit of the lower price; in fact, he admits that the difference in price represented his commission. What then was defendant to receive for the $2,000 paid? In consideration of this payment she was certainly entitled to a binding contract of purchase with the owners upon terms at least as liberal as those upon which alone she is claimed to have authorized the purchase of the property. The plaintiff never made or attempted to make a contract for her. Instead thereof, he made a contract in his own name, and as he swears, " on his own behalf," and this contract he never offered to transfer to defendant, and did not in fact communicate to her its terms. We think the evidence warrants the conclusion that the plaintiff at the time made this contract for himself, expecting to turn the property over to defendant at the increased price. Be this as it may, however, the contract made was not authorized

by defendant and she cannot be held liable for any payment made by plaintiff upon the same. As this disposes of the case finally, it is not necessary to consider the other objections urged against a recovery.

The judgment is

*Affirmed.*